IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN COOPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: _____ |
| | § | |
| DANIEL & ASSOCIATES, LLC | § | |
| and DAVID PATRICK DANIEL, | § | JURY DEMANDED |
| JR., Individually, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

SUSAN COOPER ("Plaintiff"), files this lawsuit against DANIEL & ASSOCIATES, LLC and DAVID PATRICK DANIEL, PLLC (collectively "Defendants") to recover unpaid overtime wages, and would show the following:

**I.
OVERVIEW**

1. This is an action filed under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") that arises from Defendants' failure to pay overtime to paralegals and other non-exempt employees. Defendants violated the FLSA by failing to pay Plaintiff Susan Cooper at a rate not less than one and one-half times her regular rate of pay. 29 U.S.C. § 207(a).

## II.
## JURISDICTION AND VENUE

2. Plaintiff's claims arise under the FLSA. Accordingly, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Southern District of Texas because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and because the Defendants reside in this district.

## III.
## THE PARTIES

4. Plaintiff Susan Cooper resides in Harris County, Texas.

5. Defendant Daniel & Associates, LLC is a Texas limited liability corporation that engages in the practice of law in Texas and has an office located at 2409 Commerce Street, Houston, Texas 77003. This Defendant may be served with process through its registered agent for service, David P. Daniel, 2323 S. Voss Road, Suite 330, Houston, TX 77057.

6. Defendant David Patrick Daniel, Jr. ("Mr. Daniel") is an individual who may be served at his place of business (2409 Commerce Street, Houston, Texas 77003) or anywhere else this Defendant may be found.

## III.
## FLSA COVERAGE

7. During the relevant time period, Defendant Daniel & Associates, LLC has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

8. During the relevant time period, Defendant Daniel & Associates, LLC has been an employer within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

9. During the relevant time period, Defendant Daniel & Associates, LLC has been an enterprise in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because this Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

10. During the relevant time period, Defendant Daniel & Associates, LLC has had an annual gross business volume in excess of the statutory standard.

11. During the relevant time period, Plaintiff Susan Cooper engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207. For example, she regularly sent mail, facsimiles and email out of state, made telephone calls to persons located in other states, handled records of interstate transactions, used the Internet to communicate with persons and entities outside the State of Texas and utilized goods manufactured outside of the State of Texas for use in interstate commerce.

## IV.
## FACTS

12. Defendants are engaged in the practice of law, and Daniel & Associates, LLC has offices in Houston, Texas and Lafayette, Louisiana.

13. Defendants employ paralegals and other non-exempt staff who are paid what Defendants call a "salary."

3

14. During the three years preceding the filing of this lawsuit, Defendants made deductions to the pay of Plaintiff for illness-related absences.

15. During the relevant time period, Defendants did not maintain a bona fide plan, policy or practice of providing compensation to Plaintiff for loss of salary occasioned by sickness or disability.

16. Plaintiff performed legal assistant services for the benefit of the attorneys employed by Defendants.

17. Defendants classified Plaintiff as an "independent contractor."

18. Although Plaintiff was required to work and did in fact work more than forty (40) hours per week, she was not compensated at the FLSA mandated time-and-a-half rate for hours worked in excess of forty (40) in a week.

19. Plaintiff regularly worked over forty (40) hours per week. However, Defendants failed to pay Plaintiff the statutorily-required overtime pay to which she was legally entitled.

20. Mr. Daniel owns and controls Daniel & Associates, LLC.

21. During the relevant time period, Mr. Daniel had control and the authority to control the terms and conditions of employment for Plaintiff, including her assigned work hours, rates of pay and classification.

22. During the relevant time period, Mr. Daniel controlled the locations where Plaintiff worked.

23. During the relevant time period, Mr. Daniel provided Plaintiff with the tools and equipment she needed to perform her work for Defendants.

24. During the relevant time period, Daniel & Associates, LLC had employees subject to the provisions of 29 U.S.C. § 206 in the facility in which Plaintiff was employed.

25. During the relevant time period, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

26. During the relevant time period, Daniel & Associates, LLC was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r)-(s).

27. Defendants failed to maintain records for its hourly employees of all hours worked by their employees each day and each work week as required by the FLSA.

28. Plaintiff was entitled to overtime at one-and-one-half times her regular rate of pay for all hours worked in excess of forty (40) in a workweek. However, Defendants did not pay Plaintiff any overtime pay.

29. Defendants' practice of failing to pay overtime compensation for all hours in excess of forty (40) in a workweek violates the FLSA.

30. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

31. Defendants' method of paying Plaintiff was willful and not based on a good faith and reasonable belief that their conduct complied with the FLSA.

## V.
### FIRST CAUSE OF ACTION: UNPAID OVERTIME COMPENSATION

32. Plaintiff reasserts and incorporates by reference all preceding paragraphs.

33. Defendants' practice of not paying Plaintiff at one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each seven (7) day workweek is in direct violation of the FLSA.

34. None of the exemptions to the overtime requirements of the FLSA applied to Plaintiff.

35. Plaintiff is entitled to an amount equal to all unpaid overtime wages.

36. Plaintiff is entitled to liquidated damages in an amount equal to her unpaid overtime wages as a result of Defendants' failure to comply with the FLSA.

37. Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI.
### ATTORNEY'S FEES

38. Plaintiff reasserts and incorporates by reference all preceding paragraphs.

39. Plaintiff is entitled to recover attorney's fees and costs for bringing this action pursuant to the FLSA.

## VII.
### JURY DEMAND

40. Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury fee.

# VIII.
## PRAYER

41. For the reasons set forth above, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and for the following relief:

a. A declaration that Defendants have violated the Fair Labor Standards Act by failing to pay Plaintiff overtime pay at one and one-half times her regular hourly rate for all hours worked in excess of 40 during each seven-day work week;

b. A judgment awarding Plaintiff all unpaid overtime wages, liquidated damages, attorneys' fees and costs authorized by the FLSA;

c. An award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**MINCES PLLC**

By: /s/ *David M. Minces*
**David M. Minces**
Federal I.D. No.: 435389
State Bar No.: 24026880
Email: david.minces@mincespllc.com
**MINCES PLLC**
4545 Bissonnet, Suite 286
Bellaire, Texas 77401
Telephone: (346) 701-8563
Facsimile: (713) 583-9795

**ATTORNEY FOR PLAINTIFFS**

OF COUNSEL:
**Francisco J. Caycedo**
Federal I.D. No.: 36976
State Bar No. 24040664
Email: [frank.caycedo@mincespllc.com](mailto:frank.caycedo@mincespllc.com)
**MINCES PLLC**
4545 Bissonnet, Suite 286
Bellaire, Texas 77401
Telephone: (346) 701-8563
Facsimile: (713) 583-9795